UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-61460-CIV-COHN

HOPE L. DISTANT,

Magistrate Judge Seltzer

    Plaintiff,

vs.

BAYVIEW LOAN SERVICING, LLC as Servicer
for Bayview Financial Small Business
Funding, LLC, and JOHN DOE #1 through
JOHN DOE #10,

    Defendants.
_____/

**ORDER GRANTING MOTION TO DISMISS COMPLAINT**
**ORDER DENYING MOTIONS FOR DEFAULT, TO CHANGE VENUE, AND TO AMEND**

**THIS CAUSE** is before the Court upon Defendants' Motion to Dismiss the Complaint Or, in the Alternative, Motion for More Definite Statement [DE 15], Plaintiff's Motion to Change Venue [DE 17], Plaintiff's Motion for Default Judgment [DE 18], and Plaintiff's Motion to Amend [DE 36]. The Court has carefully considered the Motions, Plaintiff's Memorandums [DE's 19, 20, 21], Defendant's Responses [DE's 26, 27, 38], Plaintiff's Response to Defendant's Motion to Dismiss [DE 32], Defendant's Reply [DE 33], the record, and is otherwise fully advised in the premises.

I. BACKGROUND

Plaintiff Hope L. Distant ("Plaintiff") initially filed a six-count Complaint[1] against Bayview Loan Servicing, LLC ("Bayview") in the United States District Court for the

---

[1] One of the causes of action merely asserts that due process rights were violated but lacks any specificity, possibly the result of a typographical error.

Eastern District of New York on September 9, 2009.  The Complaint alleged various claims related to Bayview's filing of a foreclosure action against Plaintiff in the Circuit Court in and for Broward County, Florida.  The Court in New York *sua sponte* transferred this action to the Southern District of Florida pursuant to the federal venue statute, 28 U.S.C. § 1391, as Defendant is located in the Southern District of Florida and the events giving rise to this action took place in this District.

In the initial Complaint, Plaintiff alleged that Defendants engaged in a predatory lending scheme to give plaintiff a mortgage that exceeded his ability to pay and a mortgage balance that exceeded the equity in the home.  The particular claims included: (1) conspiracy to retaliate against Plaintiff for his challenging of "an illegal foreclosure;" (2) conspiracy to commit fraud and misrepresentation regarding the legitimacy of the lenders right to commence the foreclosure action absent legal standing; (3) assignment of the note and mortgage to a third party which commenced an illegal action for foreclosure; (4) violation of constitutional rights by participation in a scheme to commit fraud in that the Defendants are not the proper party to bring the foreclosure action; and (5) violation of "Plaintiff's rights" when Defendants participated in the issuance of a "high cost interest bearing loan that was predatory in nature absent due notice to Plaintiff of the scheme." Complaint at pp. 8-9.

Defendant Bayview moves for dismissal of the initial Complaint based upon lack of subject matter jurisdiction and failure to state a claim for which relief can be granted. Meanwhile, Plaintiff moved for default, to change venue back to the federal court in New York, and to amend the Complaint.  The proposed Amended Complaint does not discuss

a predatory lending theory and drops certain claims.  Rather, the general allegations in the Amended Complaint describe a scheme to create money via loan transactions.  The three claims in the Amended Complaint are (1) conspiracy to retaliate against Plaintiff for his challenging of "an illegal foreclosure," (2) conspiracy to commit fraud and misrepresentation regarding the legitimacy of the lender's right to commence the foreclosure action absent legal standing, and (3) violation of constitutional rights within the state courthouse with the commencement and completion of a foreclosure action in violation of state and federal law.

By way of background, on September 12, 2005, Plaintiff executed a promissory note and mortgage on a condominium unit located in Broward County, Florida.  Complaint at p. 3 [DE 1].  On July 2, 2009, Defendant filed a foreclosure action in Broward County Circuit Court against Plaintiff [DE 1 at p. 59 of 79].  However, Defendant did not obtain an assignment of the mortgage note until August 12, 2009.  Defendant moved for a default and summary judgment against Plaintiff on August 21, 2009 [DE 1 at pp. 10-12 and 23-24].  On September 24, 2009, the state Circuit Court entered summary judgment against Plaintiff.  On December 1, 2009, the property was auctioned for $29,000.  Plaintiff filed an objection to the sale on December 3, 2009.  Exhibit A to Declaration of Timothy Fierst [DE 39].  Defendant asserts that the Circuit Court rejected Plaintiff's Objection and confirmed the foreclosure sale on February 25, 2010.

II. DISCUSSION

A. **Motion to Dismiss Standard**

Until the recent Supreme Court decision in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), courts routinely followed the rule that, "a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff could prove no set of facts in support of his claim that would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Marsh v. Butler County, 268 F.3d 1014, 1022 (11th Cir. 2001). However, pursuant to Twombly, to survive a motion to dismiss, a complaint must now contain factual allegations that are "enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true." 550 U.S. at 555. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. Taking the facts as true, a court may grant a motion to dismiss when, "on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." Marshall Cty. Bd. of Educ. v. Marshall Cty. Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993).

B. **Subject Matter Jurisdiction and the Rooker-Feldman Doctrine**

Defendant argues the Rooker-Feldman doctrine bars the Court from hearing any of the claims, as Plaintiff is essentially seeking appellate review of the state court foreclosure proceedings. The Rooker-Feldman doctrine provides that no federal courts, other than the United States Supreme Court, have the authority to review final judgments

of state courts.  Goodman v. Sipos, 259 F.3d 1327, 1332 (11th Cir. 2001).  This doctrine encompasses claims that are "inextricably intertwined" with a state court judgment.  Id. The Rooker-Feldman doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the federal district court proceedings commenced and inviting district court review and rejection of those judgments."  Exxon Mobile Corp. v.  Saudi Basic Indus. Corp., 544 U.S. 280, 281 (2005).

Although plead as conspiracy claims in both the initial Complaint and the Amended Complaint, Plaintiff is clearly asking this Court to invalidate the state court action by ruling that the state court foreclosure judgment is somehow void.  Under the Rooker-Feldman doctrine, Bayview is correct that this Court lacks subject matter jurisdiction, as Plaintiff seeks a de facto appeal of a previously litigated state court matter.  With regard to the first two claims for civil conspiracy in the Amended Complaint,[2] to state a claim for civil conspiracy under Florida law, a plaintiff must allege: (1) an agreement among two or more parties; (2) the doing of an unlawful act or a lawful act by unlawful means; (3) the doing of

---

[2]  Under newly amended Rule 15(a) of the Federal Rules of Civil Procedure, Plaintiff cannot amend the Complaint as of right, but needs Court approval.  Such "leave shall be freely given when justice so requires."  In construing Rule 15(a), the Supreme Court has held that:

> In the absence of any apparent or declared reason–such as undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc.–the leave sought should, as the rules require, be "freely given."

Foman v. Davis, 371 U.S. 178, 182 (1962).  In this case, Plaintiff's proposed amendment is futile, as explained in this Order.

some overt act in pursuance of the conspiracy; and (4) damage to the plaintiff as a result of the acts done under the conspiracy.  Haskin v. R.J. Reynolds Tobacco Co., 995 F.Supp. 1437, 1440 (M.D. Fla. 1998) (citing Florida Fern Growers Ass'n v. Concerned Citizens of Putnam County, 616 So.2d 562, 565 (Fla. Dist. Ct. App.1993).  In this case, although the Amended Complaint's allegations are difficult to follow and probably do not state a claim sufficient to survive a motion to dismiss under Twombly, the alleged unlawful act of Bayview was filing the foreclosure action without first having the assignment of the note.  However, this conduct was accepted by the state court.  Therefore, the Rooker-Feldman doctrine bars this Court from hearing these conspiracy claims as they are inextricably intertwined with a state court foreclosure judgment.

### C.  No State Action for Constitutional Claim

As to the third claim in the Amended Complaint regarding alleged "violations of constitutional rights within the state courthouse," Bayview is not a state actor.  As a private company, it cannot be liable for constitutional violations.  Pursuant to 42 U.S.C. § 1983, a person acting "under color of any statute, ordinance, regulation, custom, or usage, of any State" who "subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law."   Therefore, the third claim in the Amended Complaint also fails to state a claim for relief.

### D.  Plaintff's Motion for Default

Plaintiff moved for default judgment against Defendant based upon service through the regular mail of the initial complaint and summons from the New York court.  On October 23, 2009, Plaintiff filed an "Acknowledgment of Service" in this Court, which consisted of a return receipt card and certified mail receipt from the United States Postal Service [DE 6].  Ordinarily, absent a formal waiver of service, service by mail is insufficient for service of process under Rule 4 of the Federal Rules of Civil Procedure.  Bayview argues that because the New York court specifically stated in its September 11, 2009 transfer order that "No summonses shall issue from this Court," [DE 3], that the summons mailed by Plaintiff on September 16, 2009 is invalid [DE 6].  On November 10, 2009, Bayview moved for an extension of time to respond to the Complaint [DE 9].  That motion was granted by this Court [DE 10].  Bayview then filed its motion to dismiss at the new deadline of November 25, 2009 [DE 15].

Based upon this record, the Court will deny Plaintiff's November 30, 2009 motion for default.  In addition to the terms of the New York court's transfer order regarding the New York summons, by the time of the filing of the motion for default, Bayview had responded to the Complaint.

### E.  Transfer of Venue

Plaintiff seeks this Court to overrule the decision by the Eastern District of New York and return this case to where Plaintiff lives in New York.  However, as the New York court observed, Defendant is located in the Southern District of Florida, and the events

giving rise to this action took place in the Southern District of Florida.  Therefore, whether this case is based upon diversity jurisdiction or federal question, venue is appropriate in the Southern District of Florida pursuant to 28 U.S.C. § 1391(a) and (b).

## III.  CONCLUSION

In granting Defendant's motion to dismiss, since Plaintiff has had an opportunity to amend, the Court will dismiss this action at this time.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Defendants' Motion to Dismiss the Complaint [DE 15] is hereby **GRANTED**;

2. Plaintiff's Motion to Change Venue [DE 17] is hereby **DENIED**;

3. Plaintiff's Motion for Default Judgment [DE 18] is hereby **DENIED**;

4. Plaintiff's Motion to Amend [DE 36] is hereby **DENIED** on the grounds of futility;

5. Any other pending Motions are **DENIED** as moot.

6. All claims in this case are hereby **DISMISSED** for lack of subject matter jurisdiction;

7. The Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 25th day of March, 2010.

/s/ James I. Cohn
JAMES I. COHN
United States District Judge

Copies furnished to:

Hope L. Distant, pro se
Counsel of record on CM/ECF